Jacob C. Schmidt, Appellee, v. Marine Milk Condensing Company, Appellant.

(Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1915. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed December 1, 1915.

### Statement of the Case.

Action by Jacob C. Schmidt, plaintiff, against the Marine Milk Condensing Company, defendant, to recover the balance of the price of milk sold the defendant. From a judgment for plaintiff, defendant appeals.

The defendant was engaged in the business of purchasing milk and the plaintiff had been delivering milk to the defendant, the delivery for each month being settled and paid for on or about the 15th of the succeeding month. During the month of October, 1913, the plaintiff had delivered to the defendant 6,563 pounds of milk, and on or about the 11th or 12th of November the plaintiff visited the office of the defendant and there met the president. The purpose of his visit was to make prices for milk for six months from October 1st, and he then had a conversation with the president of the defendant company who told him that $1.85 per hundred would be paid him for six months beginning October 1, 1913, the milk to be delivered at Marine. Shortly thereafter the defendant caused to be published in the Marine Telegram the following notice: "Notice is hereby given that the Marine Milk Condensing Company guarantees an average price of $1.85 per hundred for milk for the six months beginning October 1st and ending April 1st. Henry Rieke, Manager." The plaintiff saw and read this notice

about the time of its insertion and continued to deliver milk to the defendant until April 1st. At the end of each month a statement was sent from the main office of the defendant to their agent at Marine, together with a check for the amount of milk delivered during that month. It appears that for the month of October the check was $1.75 per hundred, February $1.80 per hundred, and March $1.75 per hundred, and the other months was $1.85 per hundred. Each time the check was below $1.85 the plaintiff complained to the agent that it was not enough but accepted the check and cashed it, and upon the payment of the last check he told the agent of the defendant at Marine that unless they paid the balance to make up the $1.85 he would sue them. The balance was not paid and this suit was brought to recover the same.

DAN McGLYNN and WILLIAMSON, BURROUGHS & RYDER, for appellant.

SPRINGER & BUCKLEY, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 309*—*when seller receiving less than contract price for goods may maintain action for balance.* Where under a contract for the sale of goods, deliveries to extend over a stated period, the buyer agrees to pay therefor at stated intervals at a specified average rate per pound, and the seller accepts, under protest, checks in payment thereof at a rate less than that agreed upon, he may, at the expiration of such period, recover the difference between the total amount of such payments and the stipulated total price so agreed to be paid, as such payments will be considered as having been accepted as part payment only.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Schmidt v. Marine Milk Condensing Co., 197 Ill. App. 279.

2. SALES, § 15*—*when doctrine of mutuality inapplicable.* Where, in accordance with an offer to accept and pay for certain goods at a stipulated price, the delivery thereof is made and accepted, the offer becomes a binding promise to pay therefor, even though the seller was not bound to deliver, the doctrine of mutuality having no application in such case.

3. SALES—*what constitutes offer to purchase goods acceptable before revocation.* A notice inserted in a publication stating that the signer thereof guaranties to pay a stated price for certain goods,' to be delivered during a designated period in the future, is not a mere invitation to trade but an offer, the acceptance of which, in accordance with its terms and before revocation, constitutes a sufficient compliance to ripen the offer into a binding promise to pay.

4. GAMING, § 16*—*when offer to receive and pay for goods for future delivery not option.* Where actual acceptance is intended, an offer to receive and pay for goods to be delivered in the future, though the offeree is not bound to make such delivery, is not the giving of an option in violation of section 130 of the Criminal Code (J. & A. ¶ 3733).

5. SALES, § 330*—*when instruction as to necessity of compliance with terms' of offer correct.* An instruction that unless the plaintiff, in an action for the price of goods sold and delivered, complied with the terms of the offer of purchase he cannot recover is correct.

6. SALES, § 331*—*what is measure of damages for failure to pay balance due for goods sold by the pound.* In an action to recover the balance due under a contract to pay for goods sold at certain intervals at a stated average price per pound, the measure of damages is the product of the number of pounds delivered and the difference between the stipulated average price and average price paid.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.